# EXHIBIT A

DAVID H. SCHWARTZ (SBN 62693)
LAW OFFICES OF DAVID H. SCHWARTZ, INC.
601 California Street, Suite 1800
San Francisco, CA94108
Tel: (415) 399-9301
Fax: (415) 399-9878
E-mail: dhs@lodhs.com

JOE BRAY (SBN 197237)
MOSKOWITZ, LLP
180 Montgomery Street
Suite 1950
San Francisco, CA 94104
Tel: (415) 394-7200
Fax: (415) 398-6501
Email: jbray@moskowitzllp.com

Attorneys for Plaintiffs
ROBERT ROWEN, M.D. and LOTUS MANAGEMENT, LLC

ENDORSED
FILED

NOV 1 2 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SONOMA

### UNLIMITED JURISDICTION

|  |  |
|---|---|
| ROBERT ROWEN, M.D.; LOTUS MANAGEMENT, LLC, a Nevada Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> SOUNDVIEW COMMUNICATIONS, INC., a Georgia Corporation, <br><br> Defendant. | Case No.: SCV - 256335 <br><br> **COMPLAINT FOR DECLARATORY RELIEF** <br><br> Business & Professions Code Sections 16600 and 17200 |

Plaintiffs allege as follows:

COMPLAINT FOR DECLARATORY RELIEF

1

1  DAVID H. SCHWARTZ (SBN 62693)
   LAW OFFICES OF DAVID H. SCHWARTZ, INC.
2  601 California Street, Suite 1800
   San Francisco, CA 94108
3  Tel: (415) 399-9301
   Fax: (415) 399-9878
4  E-mail: dhs@lodhs.com

5  JOE BRAY (SBN 197237)
   MOSKOWITZ, LLP
6  180 Montgomery Street
   Suite 1950
7  San Francisco, CA 94104
   Tel: (415) 394-7200
8  Fax: (415) 398-6501
   Email: jbray@moskowitzllp.com
9
10 Attorneys for Plaintiffs
11 ROBERT ROWEN, M.D. and LOTUS MANAGEMENT, LLC

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                   FOR THE COUNTY OF SONOMA

14                      UNLIMITED JURISDICTION

15

16
   ROBERT ROWEN, M.D.; LOTUS                ) Case No.:
17 MANAGEMENT, LLC, a Nevada Limited        )
   Liability Company,                        )
18                                           ) **COMPLAINT FOR DECLARATORY RELIEF**
             Plaintiffs,                     )
19                                           ) Business & Professions Code Sections 16600
         vs.                                 ) and 17200
20                                           )
   SOUNDVIEW COMMUNICATIONS, INC., a        )
21 Georgia Corporation,                      )
                                             )
22           Defendant.                      )
                                             )
23                                           )
                                             )
24                                           )
                                             )
25                                           )
                                             )
26                                           )
27
28        Plaintiffs allege as follows:

                  COMPLAINT FOR DECLARATORY RELIEF
                               1

## PARTIES

1.  Plaintiff Robert Rowen, M.D. ("Rowen") is a physician licensed to practice in the State of California. He maintains a medical practice in Santa Rosa, California and is a resident of Sonoma County, California.

2.  Plaintiff Lotus Management, LLC ("Lotus") is a limited liability company organized under the laws of Nevada with its principal offices in Las Vegas, Nevada.

3.  Defendant Soundview Communications, Inc. ("Soundview") is a corporation organized under the laws of Georgia, with its principal business offices in Norcross, Georgia.

4.  Plaintiff Rowen practices in the area of alternative medicine and is well-known throughout the United States and abroad for his promotion of oxidation therapy and neural therapy, and medical treatments that avoid or minimize the use of pharmaceutical drugs.  Dr. Rowen has been publishing advice and information regarding alternative medicine and alternative medical practice for over 20 years.

## JURISDICTION AND VENUE

5.  In signing the contracts below, the parties knew and understood that the services to be provided by Rowen on behalf of Lotus for Defendant Soundview, including producing editorial content and providing editorial services, would be performed by Rowen in Sonoma County, California, where Plaintiff Rowen resides and practices. Rowen wrote the editorial content Lotus supplied to Soundview under the contracts described below in Sonoma County, California. Rowen provided the editorial services for Soundview under the contracts described below in Sonoma County, California.

6.  The Soundview/Lotus Agreement described below contains a forum selection clause that reads as follows:

> 17. JURISDICTION
>
> Lotus, in its behalf and on behalf of any writer or editor furnished through Lotus, acknowledges and agrees the services to be rendered by or through Lotus, as contemplated herein, are to be rendered in Fulton County, State of Georgia, where SECOND OPINION will be compiled and published. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia. It is further agreed that any and all claims or actions brought by any party to this

Agreement against any other party to this Agreement shall be brought in a court of competent jurisdiction located in Fulton County, in the State of Georgia. The parties hereto expressly acknowledge, consent, agree, and submit to the jurisdiction and venue of the courts of Fulton County, Georgia for the resolution of any disputes between the parties.

Although the forum selection clause states that the services to be provided by Lotus (i.e., the services of Rowen) were to be performed in Georgia, Rowen, Lotus, and Soundview knew at the time of entering into the Soundview/Lotus agreement and the Soundview/Rowen Agreement this would not be the case. The language stating that the services would be provided in Georgia was inserted at the instance of Soundview in order to provide a pretext to support the parties agreeing to a forum selection clause for courts in the State of Georgia.

7. The Soundview/Lotus Agreement described below expressly identifies that the editorial content of the Second Opinion Soundview medical newsletter will be published and distributed in California as well as other states. Throughout the operation of the Soundview/Lotus Agreement, Soundview regularly published Plaintiff Rowen's editorial content and other content for which he provided editorial services on the internet. Soundview targeted and obtained paying subscribers to its internet newsletter, large numbers of whom resided in California. Soundview also sent Second Opinion Newsletters in hardcopy format to subscribers in California. Through the Second Opinion Newsletter and other business activities, Soundview has and continues to actively promote the sale of various health supplements throughout the United States, including in California.

8. This action seeks a determination whether Rowen can be prohibited in California from writing and publishing information and advice on alternative health treatments, whether for compensation or on a voluntary basis, based upon a post-contractual non-competition clause that may be enforceable under Georgia law, but which would be unenforceable in California pursuant to Business & Professions Code Section 16600.

9. California has a strong public policy supporting the right of individuals to pursue their chosen professions and/or occupations free of restrictive and anti-competitive covenants and California Courts routinely refuse to enforce post-employment restrictive covenants except in certain narrowly delineated circumstances set forth by the Legislature. None of the exceptions to the general public policy against post-employment restrictive covenants apply to the contracts and/or

1  employment relationships that are at issue between Plaintiffs and Defendant Soundview. Georgia law

2  recognizes the ability of employer to restrict the ability of their employees and independent

3  contractors from competing with the employer after the employment relationship has ended.  Georgia

4  applies a test of "reasonableness" under a three-part analysis test to determine the enforceability of

5  such restrictive covenants. (*Orkin Exterminating Co. v. Dewberry*,(Ga. 1949) 204 Ga. 794, 802-803;

6  *Farmer v. Airco, Inc.*,(Ga. 1974) 231 Ga. 847, 849; *W. R. Grace & Co., Dearborn Div. v. Mouyal*,

7  (Ga. 1992) 262 Ga. 464, 465) The test applied by Georgia Courts is directly contrary to the absolute

8  bar to enforcement of such covenants in California. If Georgia law were applied Plaintiffs would be

9  forced to have an evidentiary hearing and establish as a factual matter that the restrictive covenant

10  was "unreasonable" under the Georgia test, whereas, if California law is applied, the post-termination

11  restrictive covenant will be unenforceable *per se* as a matter of law. If the contractual forum choice

12  were enforced, Plaintiffs would be forced to litigate the issue of enforceability in Georgia, against a

13  Georgia corporation, in a jurisdiction whose law on restrictive covenants is in conflict with, and

14  hostile to, the California rule of strict unenforceability.

15       10. California has a clear and overriding interest in determining the enforceability of the

16  restrictive covenant which is the subject of this lawsuit, as it involves the ability of a citizen of

17  California to practice his chosen profession and occupation within California, including his right to

18  communicate health and medical information to California residents and others.

19                      **FACTUAL STATEMENT**

20       11. On March 1, 2007 Plaintiff Lotus and Defendant Soundview entered into a written

21  agreement by which Plaintiff Lotus was to provide editorial content and editorial services for a

22  medical advice newsletter called *Second Opinion* published and distributed by Soundview by mail

23  and over the internet. It was understood and agreed by Lotus and Soundview that the editorial content

24  and services would be provided by Plaintiff Rowen.

25       12. Contemporaneous with the signing of the Soundview/Lotus Agreement Plaintiff Rowen

26  entered into a written agreement with Soundview whereby he agreed personally to be bound by the

27  terms and provisions of the Soundview/Lotus agreement, including, specifically, the non-compete

28  provisions.

13. The Soundview/Lotus Agreement had a term of five years. Although by its terms the Soundview/Lotus Agreement expired effective March 1, 2012, the parties continued to operate under the Soundview/Lotus Agreement.

14. On May 10, 2013 Soundview and Rowen signed an "Extension Agreement" extending the term of their Agreements through February 28, 2017. The Extension Agreement also contained two minor modifications to the original agreement that are not material to the claim herein.

15. In the summer of 2013 disputes arose between Soundview and Lotus. Soundview, on the one hand, and Lotus and Rowen, on the other each accused the other of breaching the terms of the Soundview/Lotus Agreement. Since September of 2013 Rowen and Lotus have provided no editorial content or services to Soundview and Soundview has replaced Rowen with another physician, Dr. Frank Shallenberger who provides Soundview with the type of editorial content and editorial services previously provided by Plaintiff Rowen.

16. On November 5, 2014, Rowen and Lotus gave notice to Soundview pursuant to paragraph 5(a) of the Soundview/Lotus Agreement that, without waiving their claim that Soundview had previously materially breached the Agreement, Rowen and Lotus each were terminating the Agreement 90 days from the date of the letter. A true and correct copy of the termination letter sent on behalf of Rowen and Lotus to Soundview is attached to this Declaration as Exhibit A.

17. The Soundview/Lotus Agreement sets forth a two-year post-termination non-compete provision that applies to Lotus and any editor, writer, or employee of Lotus. The provision reads in pertinent part: The subsections read:

> Lotus agrees, in behalf of any editor furnished by Lotus, during the initial term or any renewal term of this Agreement, and for a period of two (2) years following the termination . . . or the cessation of such writer or editor to furnish editorial material pursuant to the provisions of this Agreement, that such writer or any agent or employee of Lotus shall be prohibited and restrained from writing for, contributing to or investing in another health newsletter, particularly an alternative health newsletter, or internet web site (or similar electronic medium) that is printing, circulating or distributing material oriented towards health or alternative health issues similar to or in competition with SECOND OPINION in the States of Georgia, Florida, California, New York or Texas, without the written consent of Soundview.

> Lotus, in behalf of any editor or writer furnished, further agrees the time period and geographical limitation imposed herein and in subparagraphs (c) and (e) are reasonable, acceptable and necessary in order to protect the interests of Soundview and its publication known as SECOND OPINION.

Lotus, in behalf of itself and any writer or editor furnished by Lotus, acknowledges that the violations of any of the non-compete provisions herein would cause irreparable injury, damage and harm to Soundview, for which it is agreed there is no adequate remedy at law, in which event Soundview shall have the right, in addition to any other remedies available at law or in equity, to enjoin Lotus and/or any writer furnished through Lotus in a court of equity from violating the non-compete provisions hereof.

18. Plaintiff Rowen, having been replaced by Defendant Soundview as editor of its Second Opinion newsletter, and the Soundview/Lotus agreement and related agreements having been terminated by virtue of Soundview's former breach, or alternatively, by formal notice of termination by Plaintiffs effective January 3, 2015, desires to exercise his rights under California law to engage in writing, producing, editing and/or publishing information, advice, and recommendations through newsletters, blogs, and internet sites, and to be free of threats or lawsuits by Soundview seeking injunctive relief or damages for exercising his rights to conduct his chosen occupation and profession granted under Business & Professions Code Section 16600.

19. On September 4, 2014, lawyers stating they represented Soundview wrote to Plaintiff Rowen threatening legal action, including injunctive relief, damages, and an award of attorney's fees and costs should Plaintiff Rowen conduct activities that involved "distributing materials related to health issues." The letter specifically threatened such action for conduct taken by Rowen both during the duration of the contract and for two years thereafter. A true and correct copy of the September 4, 2014 letter from Soundview lawyers threatening litigation is attached to this Complaint as Exhibit B.

20. Plaintiff Lotus also is being threatened with litigation by Soundview for breach of the Soundview/Lotus Agreement if Plaintiff Rowen proceeds to exercise his rights under Business & Professions Code Section 16600 to write, edit, distribute and/or publish materials related to health issues. Defendant Soundview's threats to pursue Plaintiff Lotus for damages for the actions of Plaintiff Rowen constitutes an unfair business practice within the meaning of Business & Professions Code Section 17200.

# FIRST CAUSE OF ACTION
## (DECLARATORY RELIEF)
### (PLAINTIFF: ROBERT ROWEN, M.D.)

21. Plaintiff Robert Rowen, M.D. incorporates paragraphs 1 through 19 of this Complaint into this First Cause of Action.

22. An actual controversy has arisen between Plaintiff Rowen and Defendant Soundview as to whether Plaintiff Rowen may carry on his chosen occupation and profession in California with respect to writing, editing, distributing, and/or publishing materials related to health issues:

     a.    Defendant Soundview maintains and threatens to enforce the restrictive covenant prohibiting post-contract competition by Plaintiff Rowen for two years following the termination of the Soundview/Lotus and Soundview/Rowen agreements and the Extension Agreement; whereas,

     b.    Plaintiff Rowen maintains that pursuant to Business & Professions Code Section 16600 he is free to carry on his chosen occupation and profession in California with respect to writing, editing, distributing, and/or publishing materials related to health issues, whether on his own or as an employee or contractor with a third-party, and that the post-termination non-compete provision in the Soundview/Lotus agreement is void and unenforceable.

23. Plaintiff Rowen seeks a declaration from this Court holding that the post-termination non-compete provision in the Soundview/Lotus Agreement, included by reference in the Soundview/Rowen agreement, and extended by the Extension Agreement, is void and unenforceable against Rowen as violative of the public policy of the State of California.

# SECOND CAUSE OF ACTION
## (DECLARATORY RELIEF)
### (PLAINTIFF: LOTUS MANAGEMENT, LLC)

24. Plaintiff Lotus incorporates paragraphs 1 through 20 of this Complaint into this First Cause of Action.

1    25. An actual controversy has arisen between Plaintiff Lotus and Defendant Soundview as to

2    whether, by virtue of Plaintiff Rowen carrying on his chosen occupation and profession in California

3    with respect to writing, editing, distributing, and/or publishing materials related to health issues,

4    Plaintiff Lotus may be found in breach of the Soundview/Lotus agreement and subject to damages or

5    other relief:

6         a.    Defendant Soundview maintains and threatens to enforce against Lotus the

7               restrictive covenant prohibiting post-contract competition by Plaintiff Rowen for

8               two years following the termination of the Soundview/Lotus and Soundview/Rowen

9               agreements and the Extension Agreement, whether such agreements have

10              effectively been terminated by virtue of Soundview's breach, or whether they will

11              terminate pursuant to the termination option that has been exercised by Plaintiffs

12              Rowen and Lotus.

13        b.    Plaintiff Lotus maintains that pursuant to Business & Professions Code Section

14              16600 Rowen is free to carry on his chosen occupation and profession in California

15              with respect to writing, editing, distributing, and/or publishing materials related to

16              health issues, whether on his own or as an employee or contractor with a third-party,

17              that the post-termination non-compete provision in the Soundview/Lotus agreement

18              is void and unenforceable, that Plaintiff Lotus may not be subject to claims for

19              damages or breach of the Soundview/Lotus agreement by virtue of Rowen's post-

20              termination activities that are protected by Business & Professions Code Section

21              16600, and that for Soundview to seek to enforce the post-termination non-

22              competition provision against Lotus would constitute a violation of Business &

23              Professions Code Section 17200.

24   26. Plaintiff Lotus seeks a declaration from this Court holding that the post-termination non-

25   compete provision in the Soundview/Lotus Agreement, included by reference in the

26   Soundview/Rowen agreement, and extended by the Extension Agreement, is void and unenforceable

27   against Lotus as violative of the public policy of the State of California.

28

1

## PRAYER FOR RELIEF

2     Wherefore, for the reasons set forth above, Rowen prays for relief as follows:

3        1.  On the First Cause of Action:  For a declaration that the post-termination non-compete

4    provision in the Soundview/Lotus Agreement, included by reference in the Soundview/Rowen

5    agreement, and extended by the Extension Agreement, is void and unenforceable against Lotus as

6    violative of the public policy of the State of California.

7        2.  On the Second Cause of Action: For a declaration that the post-termination non-compete

8    provision in the Soundview/Lotus Agreement, included by reference in the Soundview/Rowen

9    agreement, and extended by the Extension Agreement, is void and unenforceable against Lotus as

10   violative of the public policy of the State of California.

11       3.  For attorney's fees and costs pursuant to contract.

12       4.  For any and all other relief as the Court deems just and proper.

13   Dated:  November 12, 2014

14                                         LAW OFFICES OF DAVID H. SCHWARTZ, INC.

15

16

17                                         DAVID H. SCHWARTZ
                                           Attorney for Plaintiffs ROBERT ROWEN, M.D. and
18                                         LOTUS MANAGEMENT, LLC

19

20

21

22

23

24

25

26

27

28

# Exhibit A

David H. Schwartz



Law Offices Of
**DAVID H. SCHWARTZ**
601 California Street, Suite 1800
SAN FRANCISCO, CA 94108

Telephone (415) 399-9301
Facsimile  (415) 399-9878
Internet dhs@lodhs.com

LEGAL ASSISTANT
Sharon Mortz

November 5, 2014

**By United States Mail**

Garret Wood, President
Soundview Communications, Inc.
5305 Oakbrook Parkway, N.W.
Norcross, Georgia 30092

Emory A. Schwall, Esq.
Law Offices Emory Schwall
2964 Peachtree Road, . W., Suite 200
Atlanta, Georgia 30305-2119

      **Re:   Termination of Agreements**

Dear Mr. Wood:

      This office represents Robert Rowen, M.D. and Lotus Management, LLC.

      This will serve notice that, pursuant to Paragraph 5 of the Agreement between Soundview Communications, Inc. ("Soundview") and Lotus Management, LLC ("Lotus") executed March 1, 2007, accepted and agreed to personally by Robert Rowen, M.D. ("Rowen") in a companion Agreement of the same date, and extended by an Extension Agreement between Soundview and Rowen dated May 10, 2013, Rowen and Lotus hereby give notice of termination of the Agreement(s), effective 90 days from the date of this letter.

      It is the position of Rowen and Lotus both that Soundview has previously materially breached the Agreements excusing Rowen and Lotus from further performance.  The notice of termination contained in this letter is made without prejudice to, or any waiver of, the assertion by Rowen and/or Lotus of the prior breach by Soundview.

                      Very truly yours,

                      David H. Schwartz

Cc:    Robert Rowen, M.D.
       Ron MacDonald
       Stephen M. Moskowitz
       Joe Bray

Exhibit B

# CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

191 PEACHTREE STREET, N.E. - 34TH FLOOR

ATLANTA, GEORGIA 30303-1747

(404) 659-1410   (800) 800-0745

FAX (404) 659-1852

DAVID N. DREYER
SHAREHOLDER
DIRECT DIAL NO.  404.658.5490
E-MAIL:  david.dreyer@chamberlainlaw.com

HOUSTON
PHILADELPHIA
SAN ANTONIO
DENVER

September 4, 2014

Dr. Robert Jay Rowen
7048 East Hurlburt Avenue
Sebastopol, California 95472

*Via Electronic Mail and UPS Overnight*
*drrowen@att.net*
*1Z46V5260190306927*

Dr. Robert Jay Rowen
321 South Main Street #537
Sebastopol, California 95472

*Via UPS Overnight*
*1Z46V5260193996918*

Re:   Notice to Cease and Desist Distributing Materials Regarding Health Issues
Pursuant to the March 1, 2007 Agreement and the May 10, 2013 Extension
Agreement

Dear Dr. Rowen:

It has come to our attention that you are advertising a new website, www.drrowenmd.com, which includes a link to sign up for a newsletter that promises "the latest articles and insights from Dr. Robert Rowen, M.D." Also, the Facebook page for Dr. Robert J. Rowen is now promoting a link to www.drrowenmd.com and promises an announcement regarding "new plans in the next couple of weeks," specifically in reference to "truth in health."

As you know, the March 1, 2007 Agreement between you and Soundview Communications, Inc., as extended by the May 10, 2013 Extension Agreement, expressly provides that you are "bound by the non-compete provisions of [the simultaneously executed Agreement between Soundview Communications, Inc., and Lotus Management, LLC], all of which provisions Rowen, by the execution hereof, ratifies and accepts as reasonable and enforceable against him individually, as an editor and writer providing material for Lotus to furnish Soundview for publication in *SECOND OPINION* or for any other use elected by Soundview."

Further, the March 1, 2007 Agreement between Soundview Communications, Inc. and Lotus Management, LLC, Sections 5(d) and (f), as extended by the May 10, 2013 Extension Agreement, expressly provides as follows:

Lotus agrees, in behalf of any editor furnished by Lotus, during the initial term or any renewal term of this Agreement, and for a period of two (2) years following the termination ... or the cessation of such writer or editor to furnish editorial material pursuant to the provisions of this Agreement, that such writer or any agent or employee of Lotus shall be prohibited and restrained from writing

Dr. Robert Rowen
September 4, 2014
Page 2

for, contributing to or investing in another health newsletter, particularly an
alternative health newsletter, or internet web site (or similar electronic medium)
that is printing, circulating or distributing material oriented towards health or
alternative health issues similar to or in competition with *SECOND OPINION* in
the States of Georgia, Florida, California, New York or Texas, without the written
consent of Soundview.

...

Lotus, in behalf of any editor or writer furnished, further agrees the time
period and geographical limitation imposed herein and in subparagraphs (c) and
(e) are reasonable, acceptable and necessary in order to protect the interests of
Soundview and its publication known as *SECOND OPINION*.

....

Lotus, in behalf of itself and any writer or editor furnished by Lotus,
acknowledges that the violations of any of the non-compete provisions herein
would case irreparable injury, damage and harm to Soundview, for which it is
agreed there is no adequate remedy at law, in which event Soundview shall have
the right, in addition to any other remedies available at law or in equity, to enjoin
Lotus and/or any writer furnished through Lotus in a court of equity from
violating the non-compete provisions hereof.

The March 1, 2007 Agreement between Soundview Communications, Inc. and Lotus
Management, LLC, Section 15, as extended by the May 10, 2013 Extension Agreement, also
expressly provides that "[i]f any legal action or any arbitration or other proceeding is brought for
the enforcement of this Agreement, or because of an alleged dispute, breach, default, or
misrepresentation, in connection with any of the provisions of this Agreement, the successful or
prevailing party shall be entitled to recover reasonable attorney fees and other reasonable costs,
including necessary travel, lodging and food (while traveling out of town), incurred in that action
or proceeding, in addition to any other relief to which it or they may be entitled." The March 1,
2007 Agreement between you and Soundview Communications, Inc., as extended by the May
10, 2013 Extension Agreement, also contains identical provisions related to attorneys' fees and
costs.

As it appears that you are preparing to imminently breach your Agreement with
Soundview Communications, Inc., by distributing materials related to health issues, we are
hereby putting you on notice that Soundview Communications, Inc., is prepared to fully enforce
all of its rights pursuant to the Agreement between you and Soundview Communications, Inc.
and between Lotus Management, LLC and Soundview Communications, Inc. (collectively
"Agreements"), including but not limited to, initiating an arbitration in Atlanta, Georgia, filing
suit for injunctive relief in California, and seeking all of Soundview Communication, Inc.'s
attorneys' fees and costs.

To avoid a lengthy and expensive legal proceeding that would almost certainly result in a
ruling that you have breached the covenants not to compete in the Agreements and an award of
damages, we demand that you cease and desist any activities that can in any way be construed as

Dr. Robert Rowen
September 4, 2014
Page 3


distributing, circulating or printing of materials related in any way to health issues, whether in print, on the internet or via email.

    Please govern yourself accordingly.


                              Sincerely yours,



                              David N. Dreyer


cc:    Client

2018993_1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Soundview Communications, Inc., a Georgia Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Robert Rowen, M.D.; Lotus Management, LLC, a Nevada Limited
Liability Company

**ENDORSED FILED**
NOV 1 2 2014
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* SCV - 256335 |
|---|---|

Superior Court of Sonoma, Hall of Justice, 600 Administration Drive,
Room 107J, Santa Rosa, CA 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David H. Schwartz, 601 California Street, Suite 1800, San Francisco, CA; 415-399-9301

| DATE: NOV 1 2 2014<br>*(Fecha)* | JOSE O. GUILLEN | Clerk, by<br>*(Secretario)* | LUPE REAS | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Soundview Communications, Inc., a Georgia Corporation

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Soundview Communications, Inc., a Georgia Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Robert Rowen, M.D.; Lotus Management, LLC, a Nevada Limited
Liability Company

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of Sonoma, Hall of Justice, 600 Administration Drive,
Room 107J, Santa Rosa, CA 95403

</td><td>

CASE NUMBER:
*(Número del Caso):*

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David H. Schwartz, 601 California Street, Suite 1800, San Francisco, CA; 415-399-9301

<table>
<tr><td>DATE:<br>*(Fecha)*</td><td>Clerk, by<br>*(Secretario)*</td><td>, Deputy<br>*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov